IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| LORI CHAVEZ-DEREMER, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR; | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| RIVERSEDGE ADVANCED RETIREMENT SOLUTIONS, LLC., A PENNSYLVANIA COMPANY; MID ATLANTIC TRUST COMPANY, A CORPORATION; SCHWAB RETIREMENT TECHNOLOGIES, INC., A CORPORATION; CHARLES SCHWAB TRUST BANK, A CORPORATION, SOLELY AS RULE 19 DEFENDANTS; BEAVER COUNTY DEFERRED COMPENSATION PLAN, CHRISTIAN AID MISSION 403(B) PLAN, LCBC CHURCH 403(B) PLAN, SOLELY AS RULE 19 DEFENDANTS; AND JENNIFER PALGUTA, | ) |
| Defendants, | |

2:24-CV-00104-MJH

MEMORANDUM ORDER

Presently, Rule 19 Defendant, LCBC Church 403(b) Plan, has moved for disclosure of certain grand jury materials which were obtained by the Government via subpoena in the criminal investigation into Paul Palguta. This matter is now ripe for consideration.

Upon consideration of LCBC's Motion for Disclosure of Grand Jury Materials (ECF No. 195), the respective briefs and responses by LCBC and the Government (ECF Nos. 196, 199, and 200), and for the following reasons, LCBC's Motion will be granted in part and denied in part.

LCBC specifically seeks disclosure of to provide any and all records related to loans or financial transactions between Paul Palguta, RiversEdge or entities related thereto and AJS Holdings LLC or J&D Landscaping LLC, including, but not be limited to, loan documents and contact information for these entities. LCBC asserts, that despite comprehensive efforts to

obtain these materials from other sources, it has been unable to do so. LCBC asserts that a portion of its efforts have been stymied by the difficulty in identifying the proper entities and their locations in order to serve subpoenas. The Government has denied access to the requested materials pursuant to the Federal Rules of Criminal Procedure and the Right to Financial Privacy Act.

Federal Rule of Criminal Procedure 6(e) provides that "[t]he court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter: (i) preliminary to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E). A court order is generally required for disclosure of grand-jury materials for use in a civil case. *See U.S. v. Sells Eng'g, Inc.*, 463 U.S. 418, 440 (1983).

The United States Supreme Court has recognized the historic policy of grand jury secrecy, finding that the policy "must not be broken except where there is a compelling necessity. There are instances when that need will outweigh the countervailing policy. But they must be shown with particularity." *U.S. v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). Parties seeking grand jury transcripts under Rule 6(e) must establish: (1) that the material they seek is needed to avoid a possible injustice in another judicial proceeding; (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that their request is structured to cover only material so needed. *Douglas Oil Co. of Calif. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979).

"[D]isclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and [] the burden of demonstrating this balance rests upon the private party seeking such disclosure." *Id*. at 223. Further, it is "clear that as the considerations justifying

secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification. *Id*. (citations omitted).

Here, the circumstances presented by LCBC justifies the Government assisting LCBC in its efforts. Mr. Palguta and Riversedge's alleged fraud impacted a vast number of victims, including the Rule 19 Defendants in this case. At this juncture, LCBC has not been able to obtain information to support its efforts to seek justice and recover its losses related to Mr. Palguta and Riversedge's alleged fraud. Mr. Palguta's death has complicated these efforts, but it also resulted in a discontinued criminal action against Mr. Palguta that has lessened the need for continued grand jury secrecy. With these circumstances, the Court finds that LCBC has offered a compelling reason to obtain the requested materials. With that stated, the Court also recognizes that the Government's interest in grand jury secrecy. In its motion, LCBC stated that a part of the issue in obtaining materials from AJS Holdings LLC or J&D Landscaping LLC was pinpointing the location for these entities. The Government, having obtained these materials in support of its investigation against Mr. Palguta, would be in the best position to offer guidance to LCBC without offending its concerns over disclosure of grand jury materials. Therefore, the Court directs the Government to provide LCBC with the subpoena location for AJS Holdings LLC or J&D Landscaping LLC so that LCBC may issue its own subpoenas. Should those efforts fail, LCBC may re-file its motion for the Court's consideration. The Government shall communicate with LCBC's counsel the relevant information within 10 days of this Order.

DATED this 15th day of May, 2025.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge